(No. 2743—

WALTER F. SASS, ADMINISTRATOR OF THE ESTATE OF JOHN SASS, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 9, 1941.*
*Rehearing denied November 13, 1941.*

LAWLER, WALSH & BERNSTEIN, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

PER CURIAM:

Claimants, Erwin Sass, Walter Sass, and John Sass, copartners, filed their complaint in this court on the 23rd day of October, 1935, alleging that they had suffered damage in excess of Two Thousand Dollars ($2,000.00) for loss to growing crops caused by standing water due, as they say, from an insufficient drain constructed by the Department of Public

Works and Buildings in widening the pavement on Harlem Avenue adjacent to their land described as:

The South 852.3 feet of the West 1548.8 feet N. I. B. L. of the South Half (s½) of Section Eighteen (18), Township Forty (40) North, Range Thirteen (13), East of the Third Principal Meridian, in Cook County, Illinois, consisting of 24 acres more or less located at the North East corner of the intersection of Harlem Avenue and Forest Drive Road, in Cook County, Illinois.

Evidence was taken, briefs and arguments were filed, and on the 9th day of April, 1941, this court rendered an opinion delivered by Mr. Justice Linscott denying liability on the grounds that a claim of this nature must be based on Article 2, Section 13 of the Constitution of 1870, and further stating "There is no evidence in the record to support this, and for this reason the claim must be denied." In this opinion the claimants were given the right to amend the complaint and file additional testimony within 30 days in accordance with the rules of this court.

Thereafter an amended complaint was filed setting forth that John Sass was the owner of the property in question; that same had been damaged by the respondent as the result of the construction of the highway improvement mentioned in the original complaint; and that such damage was in violation of the provisions of the Constitution and asking for an award in the amount of Two Thousand Dollars ($2,000.00).

Additional testimony was taken and filed, and on May 13, 1941, the death of the claimant, John Sass, was suggested, and upon motion of the claimants, leave was given to substitute for John Sass, deceased, Walter F. Sass, Administrator of the estate of John Sass, deceased, and to dismiss as to the other claimants.

The additional testimony taken and filed, as aforesaid, was a repetition more or less of the evidence which had been taken under the original complaint, except that an effort was made to connect up the purported damage as damages to the land itself.

No one was called as witnesses except Erwin Sass and Walter Sass, sons of the deceased claimant, John Sass, in support of the amended complaint. Upon cross-examination of Walter F. Sass on page 8, line 10, the following question was asked: Q. Isn't it a fact the real value you were putting on your land is the depreciation in crop production? A. That is the idea. With this land flooded, it was not good for any

kind of a crop. Q. That lasted one year? A. Yes, it lasted one year. Q. The summer of 1935? A. Yes.

Again on cross-examination of Erwin A. Sass on page 12, the last line, the following question was asked: Q. Now, isn't it a fact, Mr. Sass, that you are making your valuation of land on the amount of loss of crop for that year? A. That is right.

This court, in many instances, has held that the State is not liable for damages to crops resulting from the negligent or wrongful acts or conduct on the part of the Division of Highways in failing to provide adequate drainage or interfering with an existing system of drainage, in the maintenance and construction of improving hard-surfaced highways. The State acts in its sovereign capacity in carrying out this governmental function and cannot be held liable for the negligence of its officers or agents.

*Morrissey* vs. *State*, 2 C. C. R., 254;

*Dunning* vs. *State*, 5 C. C. R., 232;

*Highland* vs. *State*, 6 C. C. R., 384;

*Bucholz, Adm.* vs. *State*, 7 C. C. R., 241;

*Wolf* vs. *State*, 8 C. C. R., 144;

*Nierstheimer* vs. *State* (No. 1812) rendered January Term.

While the flooding of the above described land, no doubt, resulted in great hardship and misfortune to claimant, there is no legal grounds upon which the State could be held to respond in damages.

The Supreme Court of Illinois in the case of *Minear* vs. *State Board of Agriculture*, 259 Ill., 549, announced a similar rule as announced in the *Morrissey* vs. *State* (supra) and other cases of the Supreme and Appellate Courts of this State are in harmony.

This case, in some respects, is similar to that of *Lawrence F. Rau* vs. *State of Illinois*, No. 2319, in which opinion was delivered at this term of Court. In this case it was said "The General Assembly of this State has never enacted a law making the State liable for damages caused by negligent construction of a public road, and this court has no power to make an award in the absence of such a statute." The Constitution of 1870 only empowers this court to award the claimant damages for the taking or damaging of real property.

After a careful consideration of all the testimony, the court is of the opinion that the claimant has failed to prove, as required by law, that respondent is liable in damages

under the amended complaint. There being no liability on the part of the State under the facts, the motion of the Attorney General to dismiss must be sustained.

Award denied. Case dismissed.